IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RAYMOND GILLIARD,**

    **Petitioner,**

vs.

                                    **CASE NO. 4:05cv6-WS/WCS**

**JAMES McDONOUGH,**[1]

    **Respondent.**

                                  /

**REPORT AND RECOMMENDATION**

This case is pending on a second amended petition for writ of habeas corpus filed by Raymond Gilliard pursuant to 28 U.S.C. § 2254. Doc. 13. Petitioner challenges his conviction for sexual battery in the Circuit Court of the Second Judicial Circuit, in and for Liberty County, Florida, case number 99-CF-83. Respondent filed an answer, doc. 19, and the trial record, doc. 20. Respondent does not argue that the petition is untimely. Doc. 19, p. 3. Petitioner has not filed a traverse.

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

**Procedural History**

Petitioner, a prisoner in the Florida Department of Corrections, was convicted after a jury trial of sexual battery upon another prisoner. He was sentenced to a 15 year prison term, to run consecutive to his earlier sentence. The conviction was affirmed on direct appeal.

Petitioner filed two Rule 3.850 motions. The first was denied and that ruling was affirmed on appeal. The second was denied as successive. There was no appeal from that ruling.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).

If a claim was not fairly presented but is procedurally barred from further state court review,[2] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an

---

[2] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available." The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default. See O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For claims which were properly exhausted and adjudicated in state court, this court's review is limited.  "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted).  Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(2); 321 F.3d at 1322 (citing the statute).  Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record."  Lomholt v. Iowa, 327 F.3d 748 , 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984).  Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.  In reviewing a

claim of deficient of performance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

**Ground One**

Petitioner contends that he was not present at crucial stages of his trial. Doc. 13, p. 4. He asserts that he was not present in court for his first appearance, at the pretrial conference, at the conference when peremptory challenges were exercised, and at bench conferences. *Id.*, memorandum, pp. 3-4. He contends that this violated due process.[3]

---

[3] "The Supreme Court has held that 'a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.' " Diaz v. Secretary for the Dept. of Corrections, 402 F.3d 1136, 1141-1142 (11th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988), *quoting*, Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987). "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Snyder v. Com. of Mass., 291 U.S. 97, 107-108, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934), *overruled on other grounds*, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). In Diaz, the defendant was absent, *inter alia*, when the court and the prosecution discussed the length of closing arguments. 402 F.3d at 1144. The defendant was representing himself at that time. *Id*. However, the trial court reserved ruling and set the length of closing arguments when the defendant was again present. The court found "any flaw" was cured under these circumstances.

Case No. 4:05cv6-WS/WCS

Petitioner did not raise this issue in his initial brief on direct appeal. Doc. 20, Ex. B-1, pp. i, 10-21. Petitioner raised this ground in his first Rule 3.850 motion as claim one. Doc. 20, Ex. C, p. 4 of the motion. The order denying Petitioner's Rule 3.850 motion found that the claim that Petitioner was denied due process because he was not present at crucial stages of the proceedings (claim one) should have been raised on direct appeal and was not a proper ground to raise in a Rule 3.850 motion. *Id.*, Ex. C, pages 1-2 of the order. That order was affirmed without opinion. *Id.*, Ex. D-3. Florida courts consistently apply Rule 3.850(c)[4] to find that claims which should have been raised on direct appeal cannot be raised by Rule 3.850. Blanco v. State, 702 So.2d 1250, 1252 (Fla. 1997); Washington v. State, 907 So.2d 512, 514 (Fla. 2005).

The claim, therefore, is procedurally defaulted. Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.[5] Coleman v. Thompson, 501 U.S. at 750. Petitioner has not shown cause for his default or actual prejudice. Further, he has not shown that the alleged constitutional violation, that he

---

[4] Fla.R.Crim.P. 3.850(c) provides: "This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."

[5] The standard of proof for actual innocence as an excuse a procedural default is strict. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995). A petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327, 115 S.Ct. at 867.

was not present at several stages of his criminal proceedings, resulted in conviction of an innocent person. Consequently, this court cannot reach the merits of ground one.

**Ground Two**

Petitioner contends that he was denied effective assistance of counsel because his attorney had a "conflict of interest." Doc. 13, p. 4. He contends that this "conflict of interest" was that his attorney had difficulty communicating with him and was not prepared for trial due to a heavy case load. *Id*. Petitioner relies in large part upon exhibit B attached to his petition, a seven page letter from Petitioner's attorney to Kenneth L. Marvin, Branch Staff Counsel, dated April 19, 2001, in response to a complaint that seems to have been filed with The Florida Bar. The trial court rejected this claim, finding that "although counsel admitted to having a heavy case load, he was adequately prepared to proceed, including contacting and getting witnesses that the defendant delayed in informing him of prior to the day of trial." Doc. 20, Ex. C.

While Petitioner refers to this claim as a "conflict of interest," that is legally an inappropriate characterization of the claim since the basis of the claim is only that his lawyer was allegedly unprepared for trial due to a heavy case load.[6] As a Strickland

---

[6] There is a limited presumption of prejudice (for Strickland purposes) where counsel has an actual conflict of interest. Strickland, 466 U.S. at 691, 104 S.Ct. at 2067, *citing* Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). As summarized by the Eleventh Circuit,

> An attorney's performance must be adversely affected by the conflict of interest before there is a constitutional violation. If a trial court improperly requires joint representation of co-defendants over timely objection, reversal is automatic. *In all other conflict situations*, there is no Sixth Amendment violation, and thus no reversal, absent a showing that an actual conflict of interest adversely affected counsel's performance.

claim, Petitioner has not shown that his lawyer committed any specific error or alleged how the error was prejudicial to the outcome. "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), *quoting*, United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (same). A lawyer can be heavily burdened and yet do a fine job in a particular case. Ground two is without merit.

## Conclusion

Accordingly, it is **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Raymond Gilliard challenging his conviction for sexual battery in the Circuit Court of the Second Judicial Circuit, in and for Liberty County, Florida, case number 99-CF-83, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2006.

                                                s/    William C. Sherrill, Jr.
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

Hunter v. Secretary, Dept. Of Corrections, 395 F.3d 1196, 1200 (11th Cir. 2005) (emphasis added) (collecting cases, including Strickland). To demonstrate an actual conflict a defendant must make a factual showing of inconsistent interests or point to specific instances in the record suggesting a conflict. Quince v. Crosby, 360 F.3d 1259, 1264 (11th Cir.), *cert. denied*, 543 U.S. 960 (2004) (citations omitted). To demonstrate an adverse effect he must show that counsel failed to pursue a reasonable alternative strategy because it conflicted with counsel's other alleged loyalties. *Id.*, at 1264-65 (citations omitted).

Case No. 4:05cv6-WS/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**